UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Case No. 25-CR-77

TIMOTHY J. COLLAR,

        Defendant.

## PLEA AGREEMENT

1. The United States of America, by its attorneys, Richard G. Frohling, Acting United States Attorney for the Eastern District of Wisconsin, and Alexander E. Duros, Assistant United States Attorney, and the defendant, Timothy J. Collar, individually and by attorney John Miller Carroll, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2. The defendant has been charged in a one-count information, which alleges violations of Title 36, Code of Federal Regulations, 261.8(a) and 261.1b, and Title 16, United States Code, Sections 3372(a)(3)(A) and 3372(a)(4).

3. The defendant has read and fully understands the charge contained in the information. He fully understands the nature and elements of the crime with which he has been charged, and the charge and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

### THE UNITED STATES ATTORNEY CHARGES THAT:

*On or about August 4, 2023, in the special territorial jurisdiction of the United States, that is, the Chequamegon-Nicolet Forest, in Oconto County, Wisconsin, within the Eastern District of Wisconsin,*

### TIMOTHY J. COLLAR

*knowingly and intentionally placed, used, and hunted over bait and feed that contained and was contained within metal, paper, plastic, glass, wood, and other similar processed materials, and attempted to do so, in violation of Wisconsin Administrative Code § NR 10.07(2m)(f)1.*

*In violation of Title 36, Code of Federal Regulations, 261.8(a) and 261.1b, and Title 16, United States Code, Sections 3372(a)(3)(A) and 3372(a)(4).*

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

> Barrels Located
> On July 27, 2023, Conservation Warden (CW) Jamin Leuzzo of the Wisconsin Department of Natural Resources (WDNR) received a complaint that two 55-gallon barrels were dumped on United States Forest Service (USFS) property in Oconto County, Wisconsin. CW Leuzzo located the barrels, which were approximately twenty feet from USFS Road 3053B. He also noticed worn paths that appeared to be from animals coming from the woods to the barrels.
>
> The barrels contained a substance that was green, red, and brown in color that appeared to have been a liquid at one time but had solidified. CW Leuzzo believed someone used this substance as bear bait. The barrels were lying on their side with no cover, so any animal could access it.

2

On July 30, 2023, CW Leuzzo located two plastic barrels near USFS Road 2245 in Oconto County, Wisconsin. Like the previous barrels, these contained a solidified red substance. CW Leuzzo noticed that the texture and color were very similar to the barrels located on USFS Road 3053B. There were worn paths from animals coming from the woods to the barrels. Both barrels were lying on their side with no covers.

### Trail Cameras Mounted Near USFS Road 2245 and USFS Road 3053B

On August 1, 2023, CW Leuzzo placed a trail camera near the barrels located near USFS Road 2245. On August 8, 2023, CW Leuzzo returned to the bait site to check the trail cam photographs. He also noticed that the previous barrels were removed, and a new red 55-gallon barrel was at the site. The red barrel was nearly full of the same red substance he observed in the other barrels, and it was lying on its side with no cover.

On numerous occasions in August 2023, CW Leuzzo returned to the bait site to review photographs. These photographs depicted a truck arriving to the bait site near USFS Road 2245 with barrels, a bear bait stump, and 5-gallon buckets of bear bait (popcorn and bread). CW recognized the driver of the truck as Timothy Collar based on prior contacts, and the truck's license plate was registered to Collar.

A trail camera was also placed near the bait site on USFS Road 3053B. This trail camera also depicted Collar driving to the bait site with a hollowed-out bear bait stump and a 5-gallon bucket containing bear bait.

### Interview with Collar

On August 29, 2023, when CW Leuzzo was leaving the bear bait site on USFS Road 3053B, he observed Collar's truck. CW Leuzzo made contact with Collar to discuss the illegal bear baiting. Collar became vulgar with CW Leuzzo and claimed that someone else must have put the bait out.

### Investigation Near USFS Road 2047

On September 11, 2023, CW Leuzzo located a bear bait stump baited with granola near USFS Road 2047 in Oconto County, Wisconsin. The stump had a concrete cap and was approximately 25 yards from the road. Near this site, CW Leuzzo located two trail cameras, which he seized. CW Leuzzo reviewed the photographs from that camera which depicted Collar resetting the bait stump with the illegal concrete cap and carrying a bucket of bait.

### Violations

CW Leuzzo determined that Collar committed numerous violations of the Wisconsin Administrative Code, including the following:

1. NR 10.07(2m)(d)3 – placing bear bait that is not totally enclosed in a hollow log, a hole in the ground or stump which is capped with logs, rocks, or other naturally occurring and unprocessed substances which prevents deer from accessing the material.

3

2. NR 10.07(2m)(f)1 – placing bear bait that contains or is contained within metal, paper, or plastic.
3. NR 10.07(2m)(d)4 – placing bait uncovered and accessible to deer.
4. NR 10.07(2m)(f)3 – placing bait within 50 yards of a trail, road, or campsite used by the public.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following potential penalties: a maximum of 6 months jail; a maximum fine of $5,000; a maximum period of probation of 5 years; and a mandatory $25 special assessment.

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## ELEMENTS

8. The parties understand and agree that in order to sustain the charge as set forth in the information, the government must prove each of the following propositions beyond a reasonable doubt:

First, the defendant knowingly and intentionally attempted to possess wildlife by placing, using, or hunting over bait or feed that contained or was contained within metal, paper, plastic, glass, wood, or other similar processed materials;

Second, such act was in violation of a law or regulation of the State of Wisconsin, to wit, Wisconsin Administrative Code § NR 10.07(2m)(f)1; and

Third, the defendant committed the violation within the special territorial jurisdiction of the United States.

## SENTENCING PROVISIONS

9. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before

4

the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

10. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

11. The defendant acknowledges and agrees that his attorney has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

12. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

13. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

14. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the

sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

15. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in the information is 6 under Sentencing Guidelines Manual § 2Q2.1.

## Acceptance of Responsibility

16. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with that provisions.

## Sentencing Recommendations

17. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

18. Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range, including the fine to be imposed and any other matters not specifically addressed by this agreement.

19. The government agrees to recommend a sentence of two years' probation. As conditions of probation, the government will recommend that the defendant be banned from hunting anywhere and from entering any national forest, including the Chequamegon-Nicolet Forest.

## Court's Determinations at Sentencing

20. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

21. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

22. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

### Fine

23. The government agrees to recommend to the sentencing court that a fine of $1,000 be imposed against the defendant.

## Special Assessment

24. The defendant agrees to pay the special assessment in the amount of $25 prior to or at the time of sentencing.

## DEFENDANT'S WAIVER OF RIGHTS

25. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court. At such trial, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

   b. At such trial, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

   c. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

26. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

## GENERAL MATTERS

27. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

28. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

29. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. Alternatively, the government may, in its discretion, ask the Court to be released from specific obligations under this plea agreement to reflect the defendant's conduct if the defendant commits a federal, state, or local offense punishable by a term of imprisonment exceeding one year or violates a material term of the plea agreement. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing.

## VOLUNTARINESS OF DEFENDANT'S PLEA

30. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 8/12/25

_____
TIMOTHY J. COLLAR
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 8/12/25

_____
JOHN MILLER CARROLL
Attorney for Defendant

For the United States of America:

Date: 8/12/2025

_____
RICHARD G. FROHLING
Acting United States Attorney

Date: 8/12/2025

_____
ALEXANDER E. DUROS
Assistant United States Attorney

11